TYSON, Judge,
concurring.
I concur in the opinion after remandment prepared by Presiding Judge Harris in this cause.
As noted in Judge Harris’ opinion, the trial court found several aggravating circumstances and they are quoted in Judge Harris’ opinion. Only one such aggravating circumstance is necessary to support the death sentence. § 13-11-4(1), Code of Alabama, 1975.
However, I want to point out in this concurrence that I do agree with Judge Bookout’s observation in his special concurrence in this cause concerning a situation where the only aggravating circumstance in a capital robbery case is “robbery . . . when the victim is intentionally killed by the defendant.”
I concur in the following observation by Judge Bookout:
“To me, it is impermissible in a capital-robbery case to find as an aggravating circumstance that the capital felony was committed in the course of a robbery. Here, the basic crime charged is robbery, and the circumstance which elevates it to a capital felony is the intentional killing. To say that the crime of ‘robbery . .. when the victim is intentionally killed by the defendant’ is aggravated by being committed in the course of a robbery is condemning the defendant twice for the same act — robbery or stealing money.” See also dissent of Bookout, J., in Kelly
Colley, 387 So.2d 328, 1980.
See also: Colley v. State, Ala.Cr.App., 1980, 387 So.2d 328.